```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 08-22532-Civ-Moreno
                                  (05-20343-Cr-Moreno)
                          MAGISTRATE JUDGE P. A. WHITE

MANUEL ECHEVARRIA,             :

          Movant,              :
                                        CORRECTED[1] REPORT OF
                                       MAGISTRATE JUDGE FOLLOWING
v.                                         EVIDENTIARY HEARING
UNITED STATES OF AMERICA,      :

          Respondent.          :
_____
```

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for distribution of heroin and possession with intent to distribute marijuana, entered following a jury verdict in case no. 05-20343-Cr-Moreno.

The Court has reviewed the motion (Cv-DE#1), the government's response (Cv-DE#7), the Pre-sentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

## Claims Raised

Construing the movant's arguments liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following claims in his §2255 motion:

---

[1] The initial report and recommendation, filed on May 26, 2009, displayed a typographical error, within the report's first paragraph, when referencing the criminal case number. The typographical error is now corrected.

1

1. The movant was denied effective assistance of counsel when his attorney failed to advise the movant as to all the facts and law relevant to his decision to plead not guilty and proceed to trial. (Cv-DE#1:3).

2. The movant was denied effective assistance of counsel when his attorney failed to timely file a motion to suppress. (Cv-DE#1:4).

3. The movant was denied effective assistance of counsel when his attorney failed to investigate or present exculpatory evidence and testimony at trial and failed to object to the unlawful admission of evidence by the prosecution. (Cv-DE#1:5).

4. The movant was denied effective assistance of counsel when his attorney failed to timely request appropriate jury instructions and to timely object to insufficient instructions. (Cv-DE#1:6).

5. The movant was denied effective assistance of counsel when his attorney failed to investigate or present available evidence and legal authority material to the sentencing hearing and failed to object to the computation of the movant's guideline range. (Cv-DE#1:7).

6. The movant was denied effective assistance of counsel when his attorney failed to move for an appropriate downward departure or a downward variance under 18 U.S.C. §3553(a). (Cv-DE#1:8).

7. The movant was denied effective assistance of counsel

when his attorney failed to argue that the movant's sentence violated the Sixth Amendment. (Cv-DE#1:9).

8. The movant was denied effective assistance of counsel when his attorney failed to investigate or present the strongest issues available to the movant for his direct appeal and failed to preserve viable issues for collateral review. (Cv-DE#1:9).

9. The movant asserts he was denied his Sixth Amendment constitutional right to counsel unburdened by an actual conflict of interest. (Cv-DE#1:10).

10. The movant was denied effective assistance of counsel when he was prejudiced by the cumulative impact of multiple deficiencies or errors by counsel during the pre-trial, trial, sentencing and direct appeal process. (Cv-DE#1:11).

11. The movant asserts he was denied his Fifth Amendment constitutional right to due process of law. (Cv-DE#1:12).

12. The movant asserts he was denied his Fifth Amendment constitutional right to due process of law and his Sixth Amendment constitutional right and his statutory rights under 18 U.S.C. §3553(a). (Cv-DE#1:13).

13. The movant asserts he was denied his Fifth Amendment constitutional right to Due Process of law because the Court lacked knowledge of the available range of sentencing discretion pursuant to <u>Apprendi</u>, <u>Blakely</u> and <u>Booker</u>. (Cv-DE#1:14).

> 14. The movant asserts that his conviction and sentence are violative of the First, Second, Fourth, Fifth, Sixth and Eighth Amendments to the Constitution. (Cv-DE#1:14).

After review of the record, it was determined that evidentiary findings and oral argument was required with respect to **claim one**, as listed above. An order was entered appointing Curt Obront, Esquire, to represent the movant, and an evidentiary hearing was thereafter scheduled for May 19, 2009.

## Factual History

On April 12, 2005, City of Miami Police Department (MPD) officers conducted a narcotics investigation in an area where they previously observed narcotics activity. (PSI¶3). While observing a trailer in the area, MPD officers observed a male, later identified as the movant, in a hand to hand narcotic transaction with another individual, later identified as Barbara Hampton. (Id.). Subsequent to the transaction, officers moved in to apprehend both subjects. (Id.).

Hampton informed the officers that she purchased a rock of cocaine and a bag of powder from the movant. (PSI¶4). Officers recovered one bag of cocaine, bearing a picture of a four-leaf clover, from Hampton's left hand and one rock of cocaine from her right hand. (Id.).

An officer observed the movant attempting to hide a clear plastic baggie in his right hand and quickly walking toward the front door of the trailer. (PSI¶5). He entered the trailer without closing the open-barred door behind him. (Id.). The second officer closely followed the movant into the trailer and observed him toss the clear baggie into a drawer; he was placed under arrest. (Id.).

A search of the residence revealed 60 small plastic baggies of powder, each bearing a picture of a four-leaf clover; 6 baggies of suspected marijuana and a Ruger .22 caliber pistol. (PSI¶6). A subsequent check of the firearm revealed it was manufactured in Arizona. (PSI¶7).

The MPD officers read the movant his Miranda rights and having waived them, per a signed Miranda form, the movant stated that he lived at the trailer with his mother, father and wife. (PSI¶9). He knew the cocaine was there, but believed it belonged to the people that previously rented the trailer. (Id.). The movant later admitted the cocaine and marijuana recovered from the drawer in his residence belonged to him, but that he had it only for personal use. (Id.). He further admitted that he previously sold narcotics, but no longer did. (Id.). Moreover, he stated that he was unaware as to how the firearm was in the trailer. (Id.). Notwithstanding, when the probation officer questioned the movant regarding the foregoing statements, he denied ever saying them. (Id.).

## Procedural History

The procedural history of the underlying criminal case reveals that on August 30, 2005, the grand jury returned a superseding indictment charging the movant with distributing heroin, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) (Count One); distributing cocaine, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) (Count Two); possession with intent to distribute heroin, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) (Count Three); possession with intent to distribute marijuana, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(D) (Count Four); possession of a firearm during and in relation to a drug trafficking crime, in violation 21 U.S.C. §841(a)(1), all in violation of 18 U.S.C. §924(c)(1)(A)(I) (Count Five) and convicted felon in possession of a firearm in and affecting interstate commerce, all in violation of

18 U.S.C. §§922(g)(1) and 924(e). (Cr-DE#40).

On December 16, 2005, the movant proceeded to trial, wherein the jury found him guilty of Counts One, Three and Four. (Cr-DEs#61,70).

A PSI was prepared in anticipation of sentencing wherein the probation officer determined that the counts of conviction were grouped together pursuant to U.S.S.G. §3D1.2(d). (PSI¶15). According to the laboratory report, the drug quantities are not specific and the jury did not find specific drug weights, thus the probation officer determined the base offense level was 12, the lowest possible level for heroin. (PSI¶16). However, because a firearm was possessed, the offense level was increased by two levels. (PSI¶17). Thus, his adjusted offense level was 14. (PSI¶21). Notwithstanding his base offense level, because he is considered a career offender, his base offense level was set at 34. (PSI¶22).

The probation officer further determined the movant had a subtotal of 15 criminal history points. (PSI¶48). However, because the movant committed the offense less than two years from release, two points were added. (PSI¶49). Moreover, because the movant had a total of 17 criminal history points and due to both his criminal history and his status as a career offender, his criminal history category was VI. (PSI¶50). Based on a total offense level of 34 and a criminal history category of VI, the guideline range was 262 to 327 months imprisonment. (PSI¶87).

On February 28, 2006, the movant was sentenced to a term of 275 months as to Counts One and Three, 12 months as to Count Four to run concurrently, a total term of four years of supervised release, and a total assessment of $300. (Cr-DE#73). The Clerk entered judgment on March 1, 2006. (Cr-DE#73). The movant filed a

timely notice of appeal. (Cr-DE#75). On June 6, 2007, the Eleventh Circuit, per curiam, affirmed the movant's sentence. (Cr-DE#90). The movant did not file a petition for writ of certiorari with the Supreme Court. The judgment of conviction in the underlying criminal case became final at the latest on September 6, 2007, ninety days after the judgement was issued on direct appeal[2], when time expired for seeking certiorari review with the Supreme Court. This timely motion to vacate ensued. (Cv-DE#1).

## Evidentiary Hearing

In his motion, the movant asserts that his lawyer was ineffective because counsel failed to advise the movant as to all the facts and law relevant to his decision to plead not guilty and proceed to trial. The claim was not conclusively refuted by the record, and warranted further evidentiary findings. At the May 19, 2009 evidentiary hearing, testimony was taken from the movant and both of his criminal defense attorneys, Orlando do Campo, Esquire and John Wylie, AFPD.

*The Law: Benefits of Pleading Guilty v. Trial*

The Sixth Amendment right to counsel includes the right to competent advice regarding the choice to accept a plea bargain or

---

[2]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

go to trial. Turner v. Tennessee, 664 F.Supp. 1113, 1120 (M.D. Tenn.), aff'd, 858 F.2d 1201 (6th Cir. 1988), vacated on other grounds, 492 U.S. 902 (1989), reinstated, 726 F.Supp. 1113 (M.D. Tenn. 1989), aff'd, 940 F.2d 1000 (1991), cert.denied, 502 U.S. 1050 (1992); accord, Johnson v. Duckworth, 793 F.2d 898, 900-02 (7th Cir.), cert.denied, 479 U.S. 937 (1986)(criminal defendant has right to effective assistance of counsel in deciding whether to accept or reject proposed plea agreement); United State ex rel. Caruso v. Zelinsky, 689 F.2d 435, 438 (3rd Cir. 1982)(decision to reject plea agreement is critical stage at which right to effective assistance attaches); Beckham v. Wainwright, 639 F.2d 262, 267 (5th Cir. 1991)(incompetent advice to withdraw negotiated plea and proceed to trial violated defendant's Sixth Amendment right).

A lawyer is obligated to keep the client informed of important developments, including any plea agreement offered by the government. Counsel's failure to do so is ineffective assistance. Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991), citing, Johnson v. Duckworth, supra; see also, Pham v. United States, 317 F.3d 178, 182-83 (2d Cir. 2003)(defense counsel's failure to inform defendant of government's "global plea offer" constituted ineffective assistance); Jones v. Wood, 114 F.3d 1002, 1012 (9th Cir. 1997)(failure to inform client of plea bargain may have risen to the level of ineffective assistance of counsel if petitioner had shown prejudice); United States v. Rodriguez, 929 F.2d 747, 752 (1st Cir. 1991)("Ordinarily, counsel's failure to inform client of plea agreement constitutes ineffective assistance of counsel."); United States v. Zelinsky, 689 F.2d 435, 438 (3rd Cir. 1982)("It would seem that, in the ordinary case, a failure of counsel to advise his client of a plea bargain would constitute a gross deviation from accepted professional standards.").

In reviewing ineffective assistance of counsel with respect to guilty pleas, the United States Supreme Court has applied the "objective standard of reasonableness" by considering whether counsel's representation was "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56-57 (1985)(applying Strickland requirements to review for ineffective assistance of counsel with respect to guilty pleas (citations omitted)). With regard to the prejudice prong, the Court held that the inquiry focused on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. If it is found that counsel failed to inform his client of the government's plea offer, the remedy is for the District Court to ensure that the government reinstates its original plea offer. United States v. Baylock, 29 F.3d 1458, 1468 (9th Cir. 1994).

*Testimony: Orlando do Campo, Esq. (Counsel)*

Attorney Orlando do Campo, a previous assistant federal public defender and seasoned attorney, represented the movant in the underlying criminal case. Counsel testified that prior to trial, he and the movant engaged in plea discussions entailing the government's offer for the movant to plead guilty solely to the marijuana count. Although counsel was unsure whether the cocaine count was included as part of the plea negotiations, he stated that irrespective of the charges contained in the offer, accepting the plea provided a sentence guideline range of about seven years.

Counsel orally communicated with the movant the government's plea offer on several occasions. Although the movant only spoke Spanish, counsel, a fluent Spanish speaker, was able to communicate with his client without the aid of an interpreter.

To ensure the movant understood the plea offer, counsel contacted the movant many times and even discussed the plea offer with the movant's family. Although counsel was skeptical as to how well the movant understood the proceedings, he never believed the movant was legally incompetent due to the high legal threshold to overcome. After the movant declined the plea offer, counsel admitted that he was disappointed and concerned about the movant's understanding of the plea. Notwithstanding, according to counsel, it was the movant's contention that seven years was too much time to serve in prison for the amount of drugs for which he was held responsible.

On cross-examination it was learned that counsel, on at least two occasions, visited the movant at the federal detention center and discussed the plea offer. Counsel conveyed to the movant, that as his attorney, he felt that it was a good offer and that he should accept it.

*Testimony: John Wylie, AFPD (Counsel)*

Attorney Wylie, an assistant federal public defender, was co-counsel with Attorney do Campo on the movant's case. He testified having at least two or more conversations with the movant regarding the plea offer. He remembered the government offering a plea that was well below the potential guideline range if the movant proceeded to trial, as such, the movant was strongly encouraged to accept the offer. Counsel believes the offer was within the seven year range.

Although counsel believed the movant had difficulty comprehending the plea, he ultimately believes the movant understood. Counsel further testified that in hopes of the movant

10

fully understanding the plea and the possible ramifications for failing to accept it, counsels communicated with the movant's family. Counsel explained that it was difficult for the movant to understand that he could receive seven years for such a small amount of marijuana and that although he was a career offender, his sentence should not be increased as he already served time for the previous offenses.

*Testimony: Movant*

It was the movant's testimony that prior to trial, his attorneys never informed him that he could plead guilty to the marijuana charge only. Had the movant known that the government was willing to dismiss the other charges, he would have pleaded guilty to the marijuana charge.

On cross-examination, the movant testified that his attorneys never conveyed to him that a plea offer was available. However, when asked whether his attorneys ever spoke with him regarding a plea offer, he admitted that counsels informed him that he would receive eight years for the heroin charge. Notwithstanding the exact charge, the movant was informed that an offer existed wherein the sentencing range was around eight years. Moreover, he testified that he understood that he could plea guilty and receive a sentence within the eight-year range. The movant further admitted that he declined the plea offer and proceeded to trial because the amount of drug for the offense did not warrant an eight-year sentence.

*Analysis:*

After careful consideration of the testimony of the movant in the context of this case and close observation of his demeanor, as well as careful attention to and review of the testimony of defense

counsels at the evidentiary hearing, and, taking into account the respective interests of the parties in the outcome of this proceeding, the undersigned finds credible Attorney do Campo and Attorney Wylie's testimony that they advised the movant on more than one occasion of the benefits of pleading guilty versus proceeding to trial. This court further finds credible counsel's testimony that after explaining the plea offer to the movant on several occasions, the movant persisted on proceeding to trial despite counsels' advice. The undersigned is persuaded that counsel properly conveyed and advised the movant about the plea offer.

Finally, the court finds that the movant knew the benefits of pleading guilty and understood that if he proceeded to trial and was convicted, he faced a severe term of imprisonment. The court is not persuaded and finds disingenuous the movant's testimony that had he been properly advised regarding his sentence exposure, he would have pleaded guilty and not proceeded to trial. Thus, the movant has failed to make a showing in this collateral proceeding that he was misadvised or prevented from pleading guilty as charged. Moreover, this court finds the movant's after the fact testimony concerning his desire to plead guilty, without any objective evidence in support thereof, is insufficient to establish that he was prejudiced by counsel's alleged advice. See United States v. Diaz, supra. Thus, the movant has failed to establish deficient performance or prejudice pursuant to Strickland v. Washington, 466 U.S. 668 (1984), and is therefore entitled to no relief on this claim.

### Remaining Claims

First, it should be noted that **claims 9, 11, 12, 13 and 14,** could have been, but were not raised on direct appeal. Because the claims were not raised on direct appeal, they are procedurally

12

barred from review in this collateral proceeding unless the movant can show cause for the default and actual prejudice, Wainwright v. Sykes, 433 U.S. 72 (1977), or a fundamental miscarriage of justice. Engle v. Isaac, 456 U.S. 107 (1982).

The movant, in this collateral proceeding, neither shows cause for failing to raise the issue on direct appeal nor does he show any actual prejudice as a result therefrom. Accordingly, the aforementioned claims are procedurally barred.

Moreover, it should be noted that **claims 2, 3, 4, 5, 6, 7, 8 and 10** could have been, but were not raised on direct appeal. Notwithstanding, construing the arguments made by the movant in support thereof, he appears to argue that counsel was ineffective for failing to pursue the claims. A claim of ineffective assistance of counsel may constitute cause for failure to previously raise the issue. United States v. Breckenridge, 93 F.3d 132 (4th Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984); Murray v. Carrier, 477 U.S. 478, 488 (1986). Thus, the claim will be identified in this Report, infra.

In order for the movant to prevail on a claim of ineffective assistance of counsel, he must establish that 1) his counsel's representation fell below an objective standard of reasonableness; and 2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995).

13

Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-04 (2001).

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11th Cir. 1994).

In **claims 2, 3, 4, 5, 7, 8, 9, 10**, the movant argues counsel was ineffective throughout various stages of his criminal proceedings. Notwithstanding the movant's claims, all of the issues set forth therein are without merit.

In essence, the movant claims counsel: (1) failed to investigate Officer Philippe's record (Claim 2); (2) failed to investigate exculpatory evidence and testimony at trial (Claim 3(a)); (3) failed to object to the unlawful admission of evidence by the prosecution, which included evidence of Officer Philippe's misconduct (Claim 3(b)); (4) failed to request appropriate jury instructions and to object during the government's closing argument (Claim 4); (5) failed to present available evidence and failed or otherwise adequately represent him at sentencing (Claim 5); failed to argue that the movant's sentence was violative of the Sixth Amendment (Claim 7); failed to present the strongest issues on

14

direct appeal and preserve viable issues for collateral review (Claim 8); labored under a conflict of interest that adversely affected his performance (Claim 9); and engaged in multiple deficiencies causing the movant to be prejudiced by their cumulative impact (Claim 10).

Notwithstanding the movant's claims, he fails to provide any specific facts or law in support thereof. First, with respect to **claim 2**, the movant does not explain what further investigation counsel should have conducted with respect to Officer Philippe. Moreover, the government, in its motion in limine to limit cross-examination of Officer Philippe, informed the Court and the defense of the officer's internal affairs file. To the extent the movant argues counsel failed to move for motion to suppress, this claim is also without merit. Movant's counsel did in fact file a motion to suppress statements and physical evidence based on a warrantless search of the movant's house and his failure to voluntarily waive his right to remain silent. (Cr-DE#23).

In regards to **claim 3**, aside from Officer Philippe's misconduct, which the court was already informed about, the movant fails to provide any facts to support that counsel failed to investigate and he fails to state what exculpatory evidence counsel could have presented. Then, with respect to **claim 4**, the movant fails to state what were the appropriate jury instructions counsel should have requested. Moreover, he fails to explain how the instructions were insufficient to the extent that they warranted an objection. Likewise, the movant fails to explain how counsel was deficient during closing argument or the basis for any curative instructions he believes counsel should have provided.

Moreover, in **claim 5**, the movant fails to identify what was

15

the alleged available evidence or legal authority material to his sentencing. The movant fails to explain how the evidence used for sentencing purposes was false, unlawful and/or unreliable. Likewise, in **claim 7**, the movant fails to illustrate how counsel's performance during sentencing and on direct appeal was violative of his Sixth Amendment right. Aside from raising the issue, he fails to provide any facts or law demonstrating a violation of said right.

In **claim 8**, the movant fails to provide what, in fact, were the strongest issues available for counsel to raise on direct appeal or preserve for collateral review. Also, in **claim 9**, the movant alleges counsel labored under a conflict of interest which adversely affected his performance, however, he fails to identify the alleged conflict. Finally, **in claim 10**, the movant alleges a catch all claim arguing that due to counsel's multiple deficiencies, he was prejudiced. Again, the movant fails to provide any facts or law in support thereof.

As such, bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. See United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995), Ferguson v. United States, 699 F.2d 1071 (11th Cir. 1983), United States v. Ammirato, 670 F.2d 552 (5th Cir. 1982); United States v. Sanderson, 595 F.2d 1021 (5th Cir. 1979). There is nothing of record in this proceeding or the underlying criminal case to support the movant's vague assertions. Under these circumstances, no deficient performance or prejudice has been established pursuant to Strickland, supra, and the movant is therefore entitled to no relief on the claims.

16

In **claim 6**, the movant asserts he was denied effective assistance of counsel when his attorney failed to move for an appropriate downward departure or a downward variance under 18 U.S.C. §3553(a). (Cv-DE#1:8). This claim is belied by the record.

It is evident from the record that during the sentencing hearing, defense counsel vigorously argued for a Booker sentence, one below the guideline sentence. (Cv-DE#85:3-11,17,22). Moreover, counsel argued factors personal to the movant in order to influence the Court for a sentence below the guideline in light of the 18 U.S.C. §3553(a) factors. (Id.). First, counsel made the Court aware that the movant was an older gentleman and as such, an imprisonment sentence within the guidelines was unwarranted. (Id.). Second, counsel argued that the movant has an addiction problem, which even through the state court system rehabilitation program, he has been unable to better himself. (Id.). Most importantly, counsel argued that the guideline range does not correlate to the amount of drugs the movant was held responsible for in the offenses.

Notwithstanding counsel's arguments, the Court explained that it made its decision to sentence the movant to 275 months after having heard form all parties, including the movant, and having considered the PSI, the Booker decision of the Supreme court and all of the 18 U.S.C. §3553(a) factors. (Cr-DE#85:19). Accordingly, the movant is precluded from arguing that counsel was ineffective for failing to move for a downward departure at sentencing. Under these circumstances, no deficient performance or prejudice has been established pursuant to Strickland, supra, and the movant is therefore entitled to no relief on the claims.

Conclusion:

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 3rd  day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Curt Obront, Esq.
      200 S. Biscayne Blvd.
      Suite 2940
      Miami, FL 33131
      Phone: 305-373-1040
      Fax: 305-373-2040

      Anne Ruth Schultz, AUSA
      United States Attorney's Office
      99 NE 4 Street
      Miami, FL 33132
      Phone: 305-961-9117
      Fax: 305-530-7941

      Susan R. Osborne, AUSA
      United States Attorney's Office
      99 NE 4 Street
      Miami, FL 33132
      Phone: 305-961-9104
      Fax: 305-536-7213